United States District Court
Southern District of Texas
FILED

JAN 0 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN ZAMORANO and MARIA          *
ZAMORANO TELLES, Individually and*
As Representative of the Estate of   *
HORACIO ZAMORANO TELLES,        *
Deceased                         *
                                 *
VS.                              *          CIVIL ACTION NO. **B-04-003**
                                 *
FORD MOTOR COMPANY and          *
GUILLERMO ZAMORANO TELLES     *

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 197th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 197th Judicial District Court, Cameron County, Texas, on December 3, 2003, when Plaintiffs' Original Petition was filed in Cause Number 2003-12-5790-C.  A copy of Plaintiffs' Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.      Defendant Ford Motor Company was served with a copy of the Plaintiffs' Original Petition through its registered agent, CT Corporation System, on December 18, 2003.  A copy of the Citation served on Defendant Ford Motor Company indicating date of service is attached hereto and incorporated herein for all purposes.  According to the State Court docket sheet, Defendant Guillermo Zamorano Telles has not been served with a copy of the Citation.

3.      This is a civil action for injuries and damages allegedly incurred by Plaintiffs' deceased, Horacio Zamorano Telles, in an automobile accident on December 30, 2002. Plaintiffs allege causes of action against Defendant Ford for strict liability, negligence, and gross negligence. Plaintiffs' only allegation against Defendant Telles is allegedly one for negligence because he failed to have the alleged defect in the vehicle repaired and failed to warn his brother about the alleged defect. This is the same alleged defect, however, as to which Plaintiff alleges Defendant Ford Motor Company is liable for conducting an "ineffective recall."

4.      Plaintiffs allege in Plaintiffs' Original Petition that they are residents of Mexico. Plaintiffs are therefore citizens of Mexico.

5.      Defendant Ford Motor Company is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Michigan.

6.      The only defendant in this matter who is alleged not diverse from the named plaintiffs is Plaintiffs' son, Horacio Zamorano Telles, a Mexico national who Plaintiffs allege can be served in Texas "where he may be found." However, Plaintiffs' inclusion of Telles cannot defeat diversity because he was fraudulently joined. It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants – defendants against whom relief is not seriously sought – must be ignored in assessing whether the "complete diversity" requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon,* 150 F.R.D. 92, 94 (S.D. Tex. 1993) (same).

7.      The term "fraudulent joinder" is actually a misnomer because this jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60

F.3d at 217.  Rather, to establish that joinder is "fraudulent," a defendant must show fraud in the jurisdictional allegations or that plaintiff cannot establish the alleged cause of action against the in-state defendant.  *Id.* at 216.

8.    Defendant would first show the Court that these Plaintiffs initially filed this identical lawsuit in state court in Starr County, Texas on May 29, 2003 against the same defendants.  In that lawsuit, Plaintiffs failed to request or obtain service on Defendant Guillermo Zamorano Telles, although his purported residence in Starr County was the basis for alleged venue in Starr County.  Defendant Ford filed a motion to transfer venue, and immediately after obtaining a hearing date on that motion, Plaintiffs nonsuited the Starr County lawsuit.  Shortly thereafter, Plaintiffs filed the instant lawsuit in state court in Cameron County, Texas, with identical allegations against the identical defendants.

9.    Defendant would show the Court that Plaintiffs' Original Petition fails to set forth any cognizable allegation or cause of action against Horacio Zamorano Telles, and therefore, Plaintiffs cannot establish a cause of action against Telles.  Plaintiffs allege that Ford "negligently conducted an ineffective recall", but then their sole allegation against Defendant Telles is that he did not have the vehicle repaired pursuant to the recall or warn about the recall. On the basis of Plaintiffs' pending petition, Plaintiffs have no cause of action against Horacio Zamorano Telles.

10.    Further, Defendant would submit that the inclusion of Defendant Telles as an alleged non-diverse defendant meets the standard for fraud in the jurisdictional allegations. Defendant would show that Defendant Telles is a Mexican national, with no current address reflected in the Plaintiffs' petition and is apparently not amenable to service of process by United States Courts.   Plaintiffs have provided no jurisdictional factual allegation to support any non-diverse residence for Defendant Telles and have

failed to provide any address or other location by which service can be obtained on Defendant Telles in the United States. It appears from the Plaintiffs' petition in this case, as well as their petition in the previously filed case, that this Court has no jurisdiction over Defendant Telles. Plaintiffs have not set forth any facts in their Petition to establish that Mr. Telles has any contacts with the United States, that the accident occurred in the United States, or any other basis for establishing jurisdiction over Defendant Telles.

11.     Therefore, despite Plaintiffs' inclusion of a Mexican national and/or purported Texas resident as an ostensible defendant for the clear and sole purpose of defeating diversity jurisdiction, there is complete diversity in this case under 28 U.S.C. §1332(a). *Cf. Grassi v. CIBA-GEIGY, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (the need for diversity jurisdiction "may well be greatest when the plaintiff tries hardest to defeat it") (citation omitted).

12.     For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

13.     Defendant would further show the Court that Plaintiffs' Original Petition seeks unspecified damages; however, based on the allegations and damages alleged in Plaintiffs' pleadings, Plaintiffs are seeking to recover from Defendant damages in excess of $75,000.00.

14.     Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiffs and their counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

15.    This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiffs' Original Petition on Defendant and within one year of the initial filing of the lawsuit.

16.    Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 197th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
          Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Southern District No. 12023
          Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District No. 1944
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

Michael R. Cowen
Michael R. Cowen, P.C.
520 East Levee Street
Brownsville, Texas 78520
Attorneys for Plaintiffs

Calixtro Villarreal, Jr.
Law Office of Calixtro Villarreal, Jr.
205 West Main Street
Rio Grande City, Texas 78582
Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 5th day of January, 2004.

Alison D. Kennamer

```
RUN DATE 12/31/03                                                          PAGE: 01
RUN TIME  1:28 PM                                                    2003-12-005790-C

JUAN ZAMORANO AND MARIA ZAMORANO TELLES, ET AL.    *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                            VS

FORD MOTOR COMPANY AND GUILLERMO ZAMORANO TELLES

                                         00643901                              12    03    03
                                         MICHEAL R. COWEN
                                         520 E. LEVEE STREET
                                         BROWNSVILLE, TX.         78520 0000

                                                         (01)     WRONGFUL DEATH

                                         12/03/03 ORIGINAL PETITION FILED
                                         12/04/03 CITATION: FORD MOTOR COMPANY
                                         12/04/03     SERVED: 12/08/03    FILED: 12/16/03
                                         12/04/03 CITATION: GUILLERMO ZAMORANO TELLES
                                         12/04/03     SERVED:
```



COPY

FILED ____4:35____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

**DEC 0 3 2003**

DISTRICT ____ CAMERON COUNTY, TEXAS
____Ray Lopez Jr.____ DEPUTY

CAUSE NO. _2003-12-5790-C_

| | | |
|---|---|---|
| JUAN ZAMORANO and MARIA | § | IN THE DISTRICT COURT |
| ZAMORANO TELLES, Individually | § | |
| and as representative of the ESTATE OF | § | |
| HORACIO ZAMORANO TELLES, Deceased | § | |
| | § | OF CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GUILLERMO ZAMORANO TELLES | § | _197th_ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs bring this wrongful death suit, alleging that their son, Horacio Zamorano Telles,

died as a result of a defect in a 1989 Mercury Gran Marquis.

**I.**

**DISCOVERY CONTROL PLAN**

Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

**II.**

**PARTIES**

Plaintiff Juan Zamorano is a citizen of the Republic of Mexico.

Plaintiff Maria Zamorano Telles is a citizen of the Republic of Mexico.

Defendant Ford Motor Company is a foreign corporation doing business in Texas. It may

be served through its registered agent, CT Corp System, 350 N. St. Paul Street, Dallas, Texas

75201.

Defendant Guillermo Zamorano Telles is a Mexican citizen residing in Texas. He may be

served wherever he may be found.

### III.

### FACTS

Ford Motor Company designed, manufactured, and marketed the 1989 Mercury Gran Marquis. The vehicle had a defect; it would catch on fire.

In 1996, Ford purportedly recalled the 1988-89 Gran Marquis. However, Ford negligently conducted an ineffective recall. As a result, the defect in the vehicle that later killed Horacio Zamorano Telles was never repaired.

Guillermo Zamorano Telles owned the vehicle. He purchased it in Florida, and later moved to Houston, Texas. Despite the fact that recalls are public information, he never had the defect repaired.

Guillermo Zamorano Telles later allowed his brother, Horacio Zamorano Telles, to drive the vehicle. In the early morning hours of December 30, 2002, Horacio Zamorano Telles pulled over on the side of the road to rest. As he rested, the defect caused the vehicle to ignite, and he burned to death. This death was agonizingly painful.

### IV.

### CAUSES OF ACTION

Plaintiffs sue Defendants both under the Wrongful Death Act and, as representatives of the Estate of Horacio Zamorano Telles, under the Survival Act.

Ford Motor Company is strictly liable for the design and/or manufacturing defect that caused the vehicle to ignite. It is also strictly liable for the marketing defect in that it failed to warn of the danger created by the defect. These defects were a producing cause of Horacio Zamorano Telles' death.

Ford Motor Company was negligent in its design and manufacture of the vehicle, in its

failure to warn, and in conducting an inadequate recall. This negligence was a proximate cause of Horacio Zamorno Telles' death.

Guillermo Zamorano Telles was negligent in failing to have the defect in the vehicle repaired, and in failing to warn Horacio Zamorano Telles about the defect.

Ford Motor Company's conduct constitutes gross negligence and malice, as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. Therefore, Plaintiffs also seek to recover exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation be issued and Defendants be served, and that, after trial on the merits, Plaintiffs recover judgment against Defendants, jointly and severally, for their wrongful death damages, together with exemplary damages, prejudgment interest, postjudgment interest, and court costs.

RESPECTFULLY SUBMITTED,

MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

By: _____
       Michael R. Cowen
       Texas Bar No. 00795306


Calixtro Villarreal, Jr.
Texas Bar No. 20581905
LAW OFFICE OF
CALIXTRO VILLARREAL, JR., P.C.
205 W. Main Street
Rio Grande City, Texas 78582

CT System

**Service of Process Transmittal Form**

Dallas, Texas

**12/10/2003**

**TO:** Chris Dzbanski
Ford Motor Company
Three Parklane Blvd., Ste.1400 West
Dearborn, MI 48126

Phone: (313) 248-6864 ex:
FAX: (888) 868-8312
EMAIL: CDZBANSK@FORD.COM

**RE:** **PROCESS SERVED IN TEXAS**

**FOR** Ford Motor Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **1. TITLE OF ACTION:** | Juan Zamorano, et al  vs Ford Motor Company, et al |
| **2. DOCUMENT(S) SERVED:** | Citation, Plaintiff's Original Petition |
| **3. COURT:** | 197th JDC Cameron County, Texas<br>Case Number 2003125790C |
| **4. NATURE OF ACTION:** | Alleging property damages and wrongful death sustained when Pltffs 1989 Mercury Gran Marquis caught fire, etc. (no vin given) |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Dallas, Texas |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 12/10/2003 at 13:00 |
| **7. APPEARANCE OR ANSWER DUE:** | 10:00 a.m. Monday next after expiration of 20 days |
| **8. ATTORNEY(S):** | Michael R Cowen<br>520 E Levee Street<br>Brownsville, Tx 78520 |
| **9. REMARKS:** | i-Note sent 12/10/2003 to CDZBANSK@FORD.COM |

LITIGATION PRACTICE GROUP

'03 DEC 12 P4:27

OFFICE OF THE GENERAL COUNSEL

**SIGNED** CT Corporation System

**PER** Angela L. Kraft - Mays /BC
**ADDRESS** 350 North St. Paul Street
Dallas, TX 75201
SOP WS 0005913859

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Citation for Personal Service – NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

**DELIVERED BY** TM
**DATE** 12-10-03

No. 2003-12-005790-C

**COPY**

### T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY
    SERVING REGISTERED AGENT
    CT CORPORATION SYSTEM
    350 N. ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on DECEMBER 03, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-12-005790-C.

The style of the case is:

JUAN ZAMORANO AND MARIA ZAMORANO TELLES, ET AL.
VS.
FORD MOTOR COMPANY AND GUILLERMO ZAMORANO TELLES

Said petition was filed in said court by _____MICHEAL R. COWEN_____ (Attorney for _____PLAINTIFF_____), whose address is 520 E. LEVEE STREET BROWNSVILLE, TX.  78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 4th day of DECEMBER , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: Ray Lopez Jr. , Deputy

R E T U R N   O F   O F   C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.
_____

FEES serving 1 copy

Total....... $_____        Sheriff/constable _____ County,

                                        By _____ Deputy

Fees paid by:_____

FILED _14 of 25_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

**DEC 3 0 2003**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## CAUSE NO. 2003-12-5790-C

| | | |
|---|---|---|
| JUAN ZAMORANO and MARIA | * | IN THE DISTRICT COURT |
| ZAMORANO TELLES, Individually | * | |
| and As Representative of the Estate of | * | |
| HORACIO ZAMORANO TELLES, | * | |
| Deceased | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| FORD MOTOR COMPANY and | * | |
| GUILLERMO ZAMORANO TELLES | * | 197th JUDICIAL DISTRICT |

### DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, prior to filing its Original Answer and Jury Demand in this cause, files this its Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

### MOTION TO TRANSFER VENUE

#### I.

Defendant objects to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a county of proper venue because Defendant does not have a principal office in Cameron County, the cause of action did not accrue in Cameron County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendant in Cameron County.

## II.

Defendant would further show the Court that Defendant is a foreign corporation, with its principal office in Michigan. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1) In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2) In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3) In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

## III.

Defendant would state that Plaintiffs have failed to set forth any facts or statements alleging that venue is proper in Cameron County, Texas. To the extent that Plaintiffs' Original Petition contains venue allegations, Defendant specifically denies same. Defendant would show that, if a cause of action against it exists, which is denied, the cause of action does not exist in Cameron County. Defendant further denies that it had a principal office in Cameron County as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action. Defendant specifically denies that Defendant Guillermo Zamorano Telles resided in Cameron County, Texas at the time this action was instituted or at any time relevant to this cause of action. Defendant also specifically denies that the events giving rise to the claims alleged in Plaintiffs' Original Petition occurred in Cameron County, Texas.

IV.

Defendant further avers that venue is proper in Dallas County, Texas, in that it is the county where Defendant has a principal office in this state for purposes of venue under Texas law.

V.

Defendant requests that this action be transferred to a district court of Dallas County, Texas.

WHEREFORE, Defendant requests that this Court grant Defendant's motion to transfer venue and transfer such cause to Dallas County, taxing costs incurred herein against Plaintiffs; and that Defendant have such other and further relief to which it may show itself justly entitled to receive.

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue, files this its Original Answer and Jury Demand in response to Plaintiffs' Original Petition, and in support thereof, would show the Court as follows:

VI.

## GENERAL DENIAL

Defendant Ford Motor Company herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' currently pending Petition, and states that these are matters that should be proven by Plaintiffs as required by law; and Defendant would require strict proof thereof.

## VII.

## AFFIRMATIVE DEFENSES

7.01  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to the contributory negligence of Plaintiffs and/or Plaintiffs' decedent, Horacio Zamorano Telles, in that they failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.  Plaintiffs' and/or Plaintiffs' decedent's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

7.02  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' alleged injuries and damages were proximately caused by the negligence of Defendant Guillermo Zamorano Telles in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.  Defendant Zamorano's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

7.03  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

7.04  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

7.05  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

7.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' deceased, Defendant Zamorano, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

7.07   For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the vehicle in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

7.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

7.09   For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its rights in the event the evidence shows any spoliation of evidence by any party.

7.10   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

7.11   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiffs and/or Plaintiffs' decedent is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

7.12   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices &

Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

7.13   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiffs.

7.14   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

7.15   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

7.16   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

7.17   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)    Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)    Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)    Requirement of Equal Protection Under the Law.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)    Proscription on Ex Post Facto and Retroactive Law.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)    Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

7.18    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

VIII.

## JURY DEMAND SUBJECT TO MOTION TO TRANSFER VENUE

Subject to and without waiving its Motion to Transfer Venue, Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant Ford Motor Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 5 2004

Michael N. Milby
Clerk of Court

JUAN ZAMORANO and MARIA          *
ZAMORANO TELLES, Individually and*
As Representative of the Estate of   *
HORACIO ZAMORANO TELLES,        *
Deceased                         *
                                 *
VS.                              *          CIVIL ACTION NO. **B-04-003**
                                 *
FORD MOTOR COMPANY and           *
GUILLERMO ZAMORANO TELLES        *

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

      a.    State Court's Docket Sheet
      b.    Plaintiffs' Original Petition
      c.    Citation served on Ford Motor Company
      d.    Defendant Ford Motor Company's Motion to Transfer Venue, and Subject
            Thereto, Original Answer and Jury Demand

3.    Notice to District Clerk of Filing of Notice of Removal

4.    Index of Attorneys

5.    Index of Documents Filed

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 5 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN ZAMORANO and MARIA | * |
| ZAMORANO TELLES, Individually and | * |
| As Representative of the Estate of | * |
| HORACIO ZAMORANO TELLES, | * |
| Deceased | * |
| | * |
| VS. | * |
| | * |
| FORD MOTOR COMPANY and | * |
| GUILLERMO ZAMORANO TELLES | * |

CIVIL ACTION NO. B-04-003

## INDEX OF ATTORNEYS

1.  Michael R. Cowen
    State Bar No. 00795306
    Southern District Admissions No. Unknown
    Michael R. Cowen, P.C.
    520 East Levee Street
    Brownsville, Texas 78520
    (956) 541-4981
    Fax (956) 504-3674
    Attorneys for Plaintiffs

2.  Calixtro Villarreal, Jr.
    State Bar No. 20581905
    Southern District Admissions No. Unknown
    Law Office of Calixtro Villarreal, Jr.
    205 West Main Street
    Rio Grande City, Texas 78582
    (956) 487-3739
    Attorneys for Plaintiffs

3.  Alison D. Kennamer
    State Bar No. 11280400
    Southern District Admissions No. 12023
    Eduardo Roberto Rodriguez
    State Bar No. 17144000
    Southern District Admissions No. 1944
    Rodriguez, Colvin & Chaney, L.L.P.
    Post Office Box 2155
    Brownsville, Texas 78522
    (956) 542-7441
    Fax (956) 541-2170
    Attorneys for Defendant Ford Motor Company

*INDEX OF ATTORNEYS*                                    *PAGE 1*

Mr. Michael Milby
January 5, 2004
Page 2

cc:    Mr. Michael R. Cowen
       Michael R. Cowen, P.C.
       Attorneys at Law
       520 East Levee Street
       Brownsville, Texas 78520

       Mr. Calixtro Villarreal, Jr.
       Law Office of Calixtro Villarreal, Jr.
       Attorneys at Law
       205 West Main Street
       Rio Grande City, Texas 78582

## CAUSE NO. 2003-12-5790-C

United States District Court
Southern District of Texas
RECEIVED

JAN 0 5 2004

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JUAN ZAMORANO and MARIA | * | IN THE DISTRICT COURT |
| ZAMORANO TELLES, Individually and | * | |
| As Representative of the Estate of | * | |
| HORACIO ZAMORANO TELLES, | * | |
| Deceased | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| FORD MOTOR COMPANY and | * | |
| GUILLERMO ZAMORANO TELLES | * | 197th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING
## OF NOTICE OF REMOVAL

TO:    HONORABLE AURORA DE LA GARZA
       Cameron County District Clerk
       Cameron County Courthouse
       974 East Harrison
       Brownsville, Texas 78520

You will please take notice that Defendant Ford Motor Company has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:  Juan Zamorano and Maria Zamarano Telles, Individually and as Representative of the Estate of Horacio Zamorano Telles, Decesaed v. Ford Motor Company and Guillermo Zamorano Telles, originally filed in the 197th Judicial District Court of Cameron County, Texas, Cause Number 2003-12-5790-C, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 197th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the 5th day of January, 2004.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Alison D. Kennamer
     State Bar No. 11280400
        Eduardo Roberto Rodriguez
     State Bar No. 17144000
     1201 East Van Buren
     Post Office Box 2155
     Brownsville, Texas 78522
     (956) 542-7441
     Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

     Michael R. Cowen
     Michael R. Cowen, P.C.
     520 East Levee Street
     Brownsville, Texas 78520
     Attorneys for Plaintiffs

     Calixtro Villarreal, Jr.
     Law Office of Calixtro Villarreal, Jr.
     205 West Main Street
     Rio Grande City, Texas 78582
     Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 5th day of January, 2004.

_____
Alison D. Kennamer