IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 4 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and as representative of the ESTATE OF HORACIO ZAMORANO TELLES, Deceased § § § § § | |
| VS. § | CIVIL ACTION NO. B-04-CV-3 |
| § | |
| FORD MOTOR COMPANY and GUILLERMO ZAMORANO TELLES § § | |

## MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs ask this Court to remand this case back to state district court. Remand is proper because there is no diversity jurisdiction in this case. There is no diversity jurisdiction because Defendant Guillermo Zamorano Telles is a Texas resident. Further, Defendant Rosamond is not fraudulently joined.

### I.

### BACKGROUND

This case is a state law product liability case. Ford Motor Company designed, manufactured, and marketed the 1989 Mercury Grand Marquis. The vehicle had a defect; it would catch on fire.

In 1996, Ford recalled the 1988-89 Grand Marquis for the fire-causing defect. Guillermo Zamorano Telles owned the vehicle. He purchased it in Florida, and later moved to Houston, Texas. Despite the fact that recalls are public information, he never had the defect repaired.

Guillermo Zamorano Telles later allowed his brother, Horacio Zamorano Telles, to drive the vehicle. In the early morning hours of December 30, 2002, Horacio Zamorano Telles pulled over on the side of the road to rest. As he rested, the defect caused the vehicle to ignite, and he burned

to death.

## II.

### DEFENDANT ZAMORANO TELLES IS NOT FRAUDULENTLY JOINED

There is no diversity jurisdiction because Defendant Guillermo Zamorano Telles is a proper party to this lawsuit. The Fifth Circuit has noted, "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 ( 5th Cir. 1981). In *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992), the Fifth Circuit set out standard for evaluating fraudulent joinder claims as follows:

> Where charges of fraudulent joinder are used to establish [federal] jurisdiction, the removing party has the burden of proving the claimed fraud.... To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

Dodson, 951 F.2d at 42 (citations omitted) (emphasis added).

Plaintiffs' pleadings show that he has more than the requisite "possibility of recovery" against Guillermo Zamorano Telles. Ford Motor Company issued a recall for the very defect that caused Horacio Zamorano Telles to burn to death. Therefore, before giving the car to his the decedent, Guillermo Zamorano Telles had a duty to take the car in to have the recall work performed, or at least warn the decedent about the recall. *See* RESTATEMENT (SECOND) OF TORTS § 401.

The fact that Plaintiffs have also plead, in the alternative, that Ford Motor Company conducted an ineffective recall campaign does not make Guillermo Zamorano Telles' joinder fraudulent. Both the Federal and Texas Rules of Civil Procedure explicitly allow pleading in the alternative, which Plaintiffs have done. Given that Ford Motor Company is unlikely to admit to

conducting an ineffective recall, and indeed is apt to blame the recipient of the recall notice for not fixing the defect, it is important for Plaintiff to plead both theories.

## III.

## CONCLUSION

This Court does not possess subject-matter jurisdiction. Therefore, the Court should remand this case. Further, under 42 U.S.C. § 1447(c), the Court should award Plaintiff attorney's fees and expenses incurred as a result of Defendants' improper removal.

                Respectfully submitted,

                COWEN & BODDEN
                520 E. Levee Street
                Brownsville, Texas 78520
                Telephone (956) 541-4981
                Facsimile (956) 504-3674

                _____
                MICHAEL R. COWEN
                State Bar No. 00795306
                Federal I.D. No. 19967

                **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, certify that I sent a copy of the foregoing document to Defendants' counsel on the 4th day of February, 2004.

<u>Via Facsimile & Regular Mail</u>
Ms. Allison Kennamer
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
Brownsville, Texas 78502

_____
MICHAEL R. COWEN

## CERTIFICATE OF CONFERENCE

I, Michael R. Cowen, hereby certify that I called Allison D. Kennamer's office on February 4, 2004. Ms. Kennamer was not available, so I left a message regarding this Motion to Remand. However, given the fact that Defendant Ford Motor Company removed this case to Federal Court, I assume that said Defendant is opposed to remand.

_____
MICHAEL R. COWEN