THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 4 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and As Representative of the Estate of HORACIO ZAMORANO TELLES, Deceased § § § § § § | |
| VS. § | CIVIL ACTION NO. B-04-003 |
| FORD MOTOR COMPANY and GUILLERMO ZAMORANO TELLES § § § § | |

## DEFENDANT FORD MOTOR COMPANY'S RESPONSE TO MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Ford Motor Company ("Ford") files this Response to Motion to Remand and would show the Court as follows:

### I.
### INTRODUCTION AND OUTLINE OF ARGUMENT

In this products liability case against Ford Motor Company, Plaintiffs Juan Zamorano and Maria Zamorano Telles sue for the alleged wrongful death of their son, Horacio Zamorano Telles. Telles was allegedly killed in a Ford-manufactured Mercury Grand Marquis when he somehow allegedly slept through an alleged ignition of the engine compartment due to a claimed defect therein. A co-Defendant, the deceased's own brother, Guillermo Zamorano Telles, is the only party who would destroy diversity jurisdiction. Plaintiffs' Petition contains only the following allegations against Guillermo Zamorano Telles:

> Guillermo Zamorano Telles was negligent in failing to have the defect in the vehicle repaired, and in failing to warn Horacio Zamorano Telles about the defect.

See, Plaintiffs' Original Petition, paragraph IV.

Ford respectfully submits that as pled, Guillermo Zamorano Telles is clearly fraudulently joined. He could have no liability as a non-seller third party for the alleged "negligence" at issue, and the circumstances by which he has been named but not served in the case further demonstrate that he is not a legitimate party in the case.

## II.
## LEGAL STANDARD

The issue before the Court is whether, under the applicable legal standards in the Fifth Circuit, the submissions by the parties in this case demonstrate to the Court that the only non-diverse Defendant in this case, Guillermo Zamorano Telles, was or was not fraudulently joined. There are two basic routes for establishing possible fraudulent joinder in the Fifth Circuit: "either [1] that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [2] that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1989). See also Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983), cert. denied, 104 S.Ct. 701 (1984).

The procedure which should be followed – comparing the elements of each cause of action and the known complete defenses to the pled causes of action – has been used in a number of Fifth Circuit cases.. In Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997), the court compared the available evidence before it as to the role of the non-diverse individual defendant with known concepts of duty to rule on fraudulent joinder. See also, Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989). Ford respectfully submits that a review of the claims against Guillermo Zamorano Telles, a third party not in the position of a seller, indicates that he can have no liability as alleged by Plaintiff in this case.

## III.
## ARGUMENT AND SUPPORT

Plaintiffs' two-sentence statement of the "causes of action" against Guillermo Zamorano Telles purport to state a cause of action in negligence based on two grounds – negligent failure to repair a defect and negligence failure to warn about the defect. Plaintiffs' Original Petition also states that Guillermo Zamorano Telles is a purchaser of the vehicle who loaned the vehicle to his brother, Plaintiffs' decedent, not a seller engaged in the business of selling goods of this kind:

> Guillermo Zamorano Telles owned the vehicle. He purchased it in Florida, and later moved to Houston, Texas. Despite the fact that recalls are public information, he never had the defect repaired.
> Guillermo Zamorano Tellles later allowed his brother, Horacio Zamorano Telles, to drive the vehicle.

See, Plaintiffs' Original Petition, paragraph III.

Once it is established that Guillermo Zamorano Telles is a third party who is not a seller of goods of that kind, Texas law makes clear that he cannot be liable either for failure to undertake recall repairs or for an alleged failure to warn of a recall which there is no claim he was made aware of.

There is absolutely no support under Texas law for an alleged duty on the part of an individual to undertake to repair a defect post-sale. The claim is essentially a claim for "passing on" (in this case, loaning to Plaintiffs' decedent) an allegedly defective vehicle. It is a basic premise of Texas law that those not in the business of selling a particular product cannot be subject to products liability claims. See, Freitas v. Twin City Fisherman's Co-op Ass'n, 452 S.W.2d 931, 937 (Tex. App. – Corpus Christi, 1970, writ ref'd n.r.e.).

Plaintiffs cannot properly avoid the limitation on the scope of permissible defendants on their claims simply by couching the allegations under the headings of another cause of action, such as alleged negligence. Both "products liability cause of action" and "seller" are statutorily defined under Texas law:

**CPRC §82.001. DEFINITIONS.**

In this chapter:

....
    (2)    "Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death or property damage alleged caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

    (3)    "Seller" means a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof.

...

Tex.Civ.Prac. & Rem. Code §82.001.

Thus, Plaintiffs' attempt to couch the claim for "failure to repair the defect" and "negligent failure to warn" as negligence claims rather than products liability claims should be unavailing.

In addition, both Plaintiffs' claim of a failure to repair (post-sale) and claim for an alleged "negligent failure to warn" require elements even Plaintiffs have not been able to allege in their Original Petition. For example, even a manufacturer only has a duty to retrofit under very limited circumstances. <u>Dion v. Ford Motor Co.</u>, 804 S.W.2d 302 (Tex. App – Eastland 1991, writ denied); <u>Bell Helicopter v. Bradshaw</u>, 594 S.W.2d 519 (Tex. App. – Corpus Christi 1979, writ ref'd n.r.e.). A non-manufacturer seller of a vehicle only has a duty to perform a recall arising out of its actual knowledge of the recall's existence. <u>Casa Ford, Inc. v. Ford Motor Co</u>, 951 S.W.2d 865 (Tex. App. – Texarkana 1997, no writ). Even a manufacturer's and/or seller's duty to warn arises in part out of knowledge of the dangers of a product. <u>Ceciul v. T.M.E. Investments, Inc</u>. 893 S.W.2d 38, 50 (Tex. App. – Corpus Christi 1994, no writ). This is true whether the claim is couched as a strict products liability failure to warn claim or a negligent failure to

warn claim, as both have the same elements. Hanus v. Texas Utilities Co., 71 S.W.3d 874, 881-882 (Tex. App. – Fort Worth 2002, no writ)

In this case, it is clear that Plaintiffs cannot even allege that Guillermo Zamorano Telles had knowledge of the alleged defect enumerated in the recall; they specifically avoid doing so by alleging only that "recalls are public information." In fact, if there were a duty that arose to be aware of the contents of the recall because it was "public information" such a duty would have to run equally to Plaintiffs' decedent. If that were true, he would be equally charged with knowledge of the recall and alleged defect at the time he accepted the loan of the car. This would mean that there could be no failure to warn, since the alleged defect and recall were held to be equally within the knowledge of both Guillermo Zamorano Telles and his brother, Plaintiffs' decedent, Horacio Zamorano Telles. The same theory by which Plaintiffs are attempting to use to create liability on Guillermo Zamorano Telles for a failure to warn would thus preclude any liability for same.

Overall, the alleged "causes of action" pled against Guillermo Zamorano Telles simply do not exist under Texas law as pled against a Defendant in his position. There is no possibility of recovery on any of these invalid causes of action, and Plaintiffs' Motion to Remand should be denied.

Finally, while "fraudulent joinder" in this sense requires no proof of "bad faith," it should be noted that there are numerous disturbing signs in the procedural history of this case that Guillermo Zamorano Telles is the type of Defendant added merely to avoid diversity jurisdiction, without any legitimate existence as a potential party in the case. Plaintiffs claim that Guillermo Zamorano Telles is a Mexican citizen residing in Texas, but provide no address whatsoever for his residence. In their Original Petition dated December 3, 2003, they claim only that he "may be served wherever he may be found." As of February 20, 2004, a check of the Court's PACER docket sheet review system showed no evidence of any service on Guillermo Zamorano Telles to date, almost three months after filing of the Petition. These additional facts, while not determinative under

Fifth Circuit law, demonstrate that the allegations against Guillermo Zamorano Telles must be scrutinized for their legitimacy.

Since no legitimate cause of action has been pled against Guillermo Zamorano Telles under which he could be found liable in this case, the Court should find him fraudulently joined, deny Plaintiffs' Motion to Remand, and retain jurisdiction over this matter.

## IV.
## CONCLUSION AND PRAYER

As seen above, Plaintiff's creative but improper attempt to assert causes of action against their son for the death of his brother, allegedly as a result of a product defect, should not be indulged. Plaintiff's Motion to Remand should be denied based upon the fraudulent joinder of Guillermo Zamorano Telles, the only non-diverse Defendant herein.

WHEREFORE, PREMISES CONSIDERED, Defendant Ford Motor Company prays that the Court deny Plaintiffs' Motion for Remand and grant to it such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
      Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Federal Admissions No. 12023
      Jaime A. Saenz
State Bar No. 17514859
Federal Admissions No. 7630
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

>Michael R. Cowen
>Michael R. Cowen, P.C.
>520 East Levee Street
>Brownsville, Texas 78520
>Attorneys for Plaintiffs
>
>Calixtro Villarreal, Jr.
>Law Office of Calixtro Villarreal, Jr.
>205 West Main Street
>Rio Grande City, Texas 78582
>Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 24th day of February 2004.

_____
Alison D. Kennamer