THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and As Representative of the Estate of HORACIO ZAMORANO TELLES, Deceased | § § § § § § | |
| VS. | § | CIVIL ACTION NO. B-04-003 |
| FORD MOTOR COMPANY and GUILLERMO ZAMORANO TELLES | § § § | |

United States District Court
Southern District of Texas
FILED

MAR 0 8 2004

Michael N. Milby
Clerk of Court

## DEFENDANT FORD MOTOR COMPANY'S UNOPPOSED MOTION FOR ORDER AS TO PROTECTION AND PRESERVATION OF EVIDENCE AND AS TO INSPECTIONS OF SAME

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Ford Motor Company, and files this Unopposed Motion for Order as to Protection and Preservation of Evidence and as to Inspections of Same. In support, Ford states:

### I.

This is a products liability case involving Plaintiffs' allegations claiming a defect in the fuel system of Plaintiffs' vehicle, a 1989 Mercury Grand Marquis. Plaintiffs claim to the be those proper wrongful death and survival plaintiffs related to Horacio Zamorano Telles, who they claim died while sleeping in the vehicle on the side of the road after it allegedly caught fire. The vehicle and everything within it are potentially key pieces of evidence, in that Plaintiffs contend that the vehicle caught fire while stopped.

## II.

Plaintiffs had agreed that Ford's experts could inspect the vehicle, and the first of those individuals, its in-house engineer Orrin West, was beginning an inspection when it was discovered that there are currently human remains mixed with dirt and debris in the floorboard of the vehicle. Therefore, there is critical evidence side-by-side with material which must be handled with respect and delicacy. Ford's in-house engineer promptly terminated his inspection, and Ford's counsel promptly contacted Plaintiffs' counsel regarding the need for a proper protocol in order to handle the remains, as well as rescheduling of the inspection.

## III.

Ford asks the Court to adopt the protocol it has prepared as an Order of the Court. It is a basic principle of products liability lawsuits that a product manufacturer should be permitted to inspect the allegedly defective product as necessary. See, General Motors v. Tanner, 892 S.W.2d 862 (Tex. 1995). Ford believes the specified protocol, if adopted as an Order by the Court, will insure the appropriate handling of potential evidence as well as the respectful disposition of potential human remains, and will serve to protect all parties' interests in the case.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Ford Motor Company prays that its Motion for Order as to Protection and Preservation of Evidence and as to Inspections of Same Subject to Its Motion to Transfer Venue be granted, and for such

other and further relief, at law or in equity, to which they may show themselves justly entitled to receive.

                Respectfully submitted,

                RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

        By: _____
                Alison D. Kennamer
                Attorney-in-Charge
                State Bar No. 11280400
                Federal Admissions No. 12023
                Jaime A. Saenz
                State Bar No. 17514859
                Federal Admissions No. 7630
                1201 East Van Buren
                Post Office Box 2155
                Brownsville, Texas 78522
                (956) 542-7441
                Fax (956) 541-2170

                ATTORNEYS FOR DEFENDANT,
                FORD MOTOR COMPANY

## CERTIFICATE OF CONFERENCE

As stated in the Motion, the undersigned has contacted counsel for Plaintiff in this matter and he has stated he is unopposed to same.

_____
Alison Kennamer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Michael R. Cowen
> Michael R. Cowen, P.C.
> 520 East Levee Street
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 8th day of March, 2004.

_____
Alison D. Kennamer