United States District Court
Southern District of Texas
FILED

MAR 0 8 2004

Michael N. Milby
Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and As Representative of the Estate of HORACIO ZAMORANO TELLES, Deceased<br><br>VS.<br><br>FORD MOTOR COMPANY and GUILLERMO ZAMORANO TELLES | § § § § § § § § § § § § CIVIL ACTION NO. B-04-003 |

### JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was held telephonically in Brownsville, Texas. Plaintiffs' counsel Michael Cowen attended for Plaintiffs, and Defendant's counsel Alison D. Kennamer attended for Defendant.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **This case was originally filed as Cause No. DC-03-193, <u>Juan Zamorano, et al. v. Ford Motor Company and Guillermo Zamorano Telles</u> in Starr County, Texas, which was nonsuited by Plaintiffs by nonsuit dated December 2, 2003. The Court signed an Order granting that nonsuit on December 19, 2003.**

   **This case was removed from Cameron County state court, Cause No. 2003-12-5790-C, <u>Juan Zamorano, et al. v. Ford Motor Company and Guillermo Zamorano Telles</u>, pending in the 197th Judicial District Court.**

3. Briefly describe what this case is about.

**According to Plaintiffs' petition, in the early morning hours of December 30, 2002, Decedent Horacio Zamorano Telles was driving a 1989 Mercury Grand Marquis owned by his brother and allegedly lent to him when he pulled over to the side of the road to rest. Plaintiffs contend that as he rested, an alleged defect which was the subject of a 1996 recall caused the vehicle to ignite. Plaintiffs contend that Plaintiff's decedent burned to death in the fire. Plaintiffs allege that Ford is responsible for the fire due to the defect involved in the alleged recall. At this stage of the case, Ford has not been able to complete an examination of the vehicle, and Ford has not determined what it believes caused the fire and/or what it believes caused Plaintiff's decedent's death.**

4. Specify the allegation of federal jurisdiction

**Ford removed this case based upon 28 U.S.C. §1332 diversity jurisdiction with a claim for more than $75,000.00 in damages and based upon the alleged fraudulent joinder of co-Defendant Guillermo Zamorano Telles.**

5. Name the parties who disagree and the reasons.

**Plaintiffs have filed a Motion to Remand alleging that Guillermo Zamorano Telles is not fraudulently joined and therefore no diversity jurisdiction exists.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

**At this time, the parties are not aware of any anticipated additional parties.**

7. List anticipated interventions.

**At this time, there are no anticipated interventions.**

8. Describe class-action issues.

**At this time, there are no known class-action issues.**

9. State whether each party represents that it had made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete the disclosures.

> **The parties have agreed to make the initial disclosures required by Rule 26(a) on or before the initial pre-trial conference on or before March 22, 2004.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **See below.**

    1. What changes should be made in the timing, form or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.

    **The parties each anticipate making disclosures on or before the date of the initial pre-trial conference.**

    2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

    **Plaintiffs anticipate that discovery will be needed on the issues of the design and development of the vehicle, any recalls of the vehicle, and any other incidents of fires in this vehicle. Plaintiffs also anticipate that discovery will be needed to obtain the depositions of the persons investigating the incident made the subject of the suit.**

    **Ford anticipates that discovery will be needed on issues of Plaintiff's decedent's activities the day of the fire, the history of the subject vehicle, Plaintiff's decedent's physical health and life expectancy, and expert discovery regarding the alleged defect, causation of the fire, causation of death, and damages.**

    **The parties anticipate that discovery will take 9 months, until approximately December 22, 2004. The parties have attached a proposed Agreed Scheduling Order, attached hereto as Exhibit "A" to govern additional deadlines.**

    3. what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

**None**

    4.    any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).

**The parties have submitted the attached proposed Agreed Scheduling Order as Exhibit "A" hereto.**

B. When and to whom the Plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates sending written discovery to Defendants on or before April 1, 2004 .**

C. When and to whom the Defendant anticipate it may send interrogatories.

**Defendant anticipates sending written discovery to Plaintiff on or before April 1, 2004.**

D. Of whom and by when the Plaintiffs anticipate taking oral depositions.

**Plaintiffs may take the depositions of various Ford employees, the coroner, all investigating law enforcement officers, and any experts designated by Defendants.**

E. Of whom and by when the Plaintiffs anticipate taking oral depositions.

**Defendant may take the depositions of any persons with knowledge of Plaintiff's decedent's activities on December 30, 2002, the circumstances under which the vehicle was found, and the fire extinguished. Defendant also may take the depositions of all owners of the vehicle to the extent that they can be found. Defendant anticipates also taking the depositions of any experts designated by Plaintiffs and/or any third party experts with information about Plaintiff's decedent's physical condition and/or the cause of Plaintiff's decedent's death.**

    F.    When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs anticipate being able to designate experts and provide reports on the deadline for same, on or before <u>September 30, 2004</u>.**

**Defendant anticipates being able to designate experts and provide reports thirty (30) days after the deadline on which Plaintiffs have to designate their experts, <u>November 1, 2004</u> or whatever other deadline for same is set by the Court.**

**All experts would need to be deposed.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiffs anticipate taking the depositions of all experts designated by Defendant on or before <u>December 22, 2004</u>.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking the depositions of all experts designated by Plaintiffs on or before <u>November 15, 2004</u>.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **N/A**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **N/A**

12. State the date the planned discovery can reasonably be completed.

    **December 22, 2004**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

      **The parties have discussed the possibility of early resolution and believe that at this stage informal settlement negotiations, after initial discovery has been completed, will be the most productive method to explore the possibility of early resolution.**

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

      **Each party has agreed to explore the possibilities of early resolution by informal settlement negotiations after initial discovery.**

15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

      **The parties believe that informal settlement discussions are the most reasonably suitable dispute resolution techniques at the early stages of the litigation. Plaintiffs believe that if the case has not been resolved by the conclusion of discovery, mediation would be the most suitable alternative dispute resolution technique.**

16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

      **The parties agree to a trial before the magistrate.**

17.    State whether a jury demand has been made and if it was made on time.

      **A jury demand has been made timely by each party.**

18.    Specify the number of hours it will take to present the evidence in this case.

      **Plaintiffs estimate it will take approximately 40 hours of testimony time to present their case in chief. Defendant estimates it will take approximately 12 - 15 hours of testimony time to present its case in chief.**

19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

      **Plaintiffs' Motion to Remand**

      **Ford's Unopposed Motion for Order as to Protection and Preservation of Evidence and as to Inspections of Same.**

20.    List other motions pending.

**N/A**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Ford states that at its initial inspection of the vehicle in this case, the inspection was halted due to the observation of what appeared to be human remains (bones) in the bed of the vehicle. Counsel for Ford has proposed a protocol for dealing with the remains in a respectful way while allowing the parties to conclude the inspection and continue to observe all available evidence. A copy of the proposed protocol is attached. Ford submits that this protocol might properly be incorporated into an Order of the Court.**

    **Ford states that most of its witnesses are located out of the state, and ask that it receive as much notice as possible of the trial date in order to coordinate travel arrangements.**

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Plaintiffs certify that they have filed their Disclosure of Interested Parties; Defendant certifies that it has filed its Disclosure of Interested Parties.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Michael R. Cowen
    State Bar No 00795306
    Fed I.D. No. 19967
    COWEN & BODDEN
    520 East Levee Street
    Brownsville, Texas 78520
    (956) 541-4981
    Fax (956)504-3674

    Alison D. Kennamer
    Attorney-in-Charge
    State Bar No. 11280400
    Fed I.D. [Southern District] No. 12023
    Eduardo Roberto Rodriguez
    State Bar No. 17144000
    Southern District No. 1944
    RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
    1201 East Van Buren
    Post Office Box 2155
    Brownsville, Texas 78522
    (956) 542-7441
    Fax (956) 541-2170

Case 1:04-cv-00003　Document 8　Filed in TXSD on 03/08/2004　Page 8 of 11

Joint Report of the Meeting & Joint Disc./Case Mgmnt. Plan Under Rule 26(f) Federal Rules of Civil Procedure　Page 8

AGREED AS TO FORM AND CONTENT:

*/s/ Michael R. Cowen w/Fx*
MICHAEL R. COWEN

Michael R. Cowen
State Bar No 00795306
Fed I.D. No. 19967
COWEN & BODDEN
520 East Levee Street
Brownsville, Texas 78520
(956) 541-4981
Fax (956)504-3674

*/s/ Alison D. Kennamer*
ALISON D. KENNAMER

Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Fed I.D. [Southern District] No. 12023
Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District No. 1944
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and As Representative of the Estate of HORACIO ZAMORANO TELLES, Deceased | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-04-003 |
| FORD MOTOR COMPANY and GUILLERMO ZAMORANO TELLES | § § § | |

## AGREED UNOPPOSED SCHEDULING ORDER

Trial: Estimated to try:  <u>6</u> days         Jury trial
Joinder of Additional Parties              <u>September 3, 2004</u>

Expert Designation Deadlines, as follow:

Plaintiffs' expert designations and reports    <u>September 30, 2004</u>

Defendants' expert designations and reports   <u>November 1, 2004</u>

Discovery must be completed by:         <u>December 22, 2004</u>
*Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court. No continuances will be granted because of information acquired in post-deadline discovery.*

Dispositive Motions will be filed by:      <u>January 10, 2005</u>

Joint pre-trial order is due:              <u>January 14, 2005</u>
*The Plaintiffs are responsible for filing the pre-trial order*

Docket Call and Final Pre-trial Conference is set for the _____ date of _____, 2005, at ___, m.;

Jury selection is set for the _____ date of _____, 2005, at ___, m.;

Case is set for trial on the _____ date of _____, 2005, at ___, m.

*Order on Docket Control Deadlines*                                    *P.1*

# EXHIBIT "A"

SIGNED FOR ENTRY this _____ day of _____, 2004.

_____
Judge Presiding

AGREED:

*Michael Cowen with permission Alison Kennamer #1280490*

Michael R. Cowen
State Bar No. 00795306
Fed I.D. No. 19967
COWEN & BODDEN
520 East Levee Street
Brownsville, Texas 78520
(956) 541-4981
Fax (956) 504-3674


AGREED:

*Alison Kennamer*

Alison D. Kennamer
Texas Bar No. 17514859
S.D. I.D. No. 12023
Texas Bar No. 17514859
Jaime A. Saenz
Texas State Bar No. 17514859
S.D. I.D. No. 7630
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

**EXHIBIT "A"**