THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 0 8 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and As Representative of the Estate of HORACIO ZAMORANO TELLES, Deceased § § § § § § VS. § FORD MOTOR COMPANY and GUILLERMO ZAMORANO TELLES § § § § | CIVIL ACTION NO. B-04-003 (636(c)) |

## ORDER ON UNOPPOSED MOTION FOR PROTECTION AND PRESERVATION OF EVIDENCE AND AS TO INSPECTIONS OF SAME SUBJECT TO ITS MOTION TO TRANSFER VENUE

COME NOW the Parties to this matter regarding conditions for protection and for preservation of evidence and to permit inspections of the vehicle at issue in this case.

IT IS THEREFORE ORDERED:

**1.**

The vehicle at issue in this lawsuit, a 1989 Mercury Grand Marquis sedan, VIN# 2MEBM75F7KX705965 ("the Ford vehicle") is currently located at the Law Office of Calixtro Villarreal's warehouse in Garciasville, Starr County, Texas, a covered storage facility protected from environmental elements.

**2.**

Each party and its counsel will have the right to view the vehicle for non-destructive inspections during business hours at the vehicle's regular location upon reasonable notice. The parties agree that either party will be permitted to use a fork-lift

or flat-bed tow truck if necessary to properly document the vehicle's dimensions and condition as part of a non-destructive inspection.

### 3.

Removal of debris and components from the vehicle will take place on an agreed upon date and pursuant to the following protocol:

1. Entire procedure will be videotaped without sound by videographer retained by Ford, copies to be provided to each party.

2. Before removal of any debris or other objects from the vehicle, all parties' experts will have an opportunity to view vehicle with debris as currently located and to photograph same. The entire scene will be documented before removal of any materials.

3. Representatives from the offices of counsel for both parties in the suit should be present to insure proper protocol is followed. Experts from both sides should be present. One expert, will determine what objects constitute human remains and will handle the remains as they are documented and removed from the vehicle. The identity of this expert will be previously agreed upon in writing – the expert should either be a neutral party from a local funeral home or medical examiner's office, or one of the retained experts who has medical or forensic expertise.

4. Whether used as the designated expert or otherwise, a representative from the medical examiner's office or a funeral home should be present to secure the remains once the experts are done.

5. Family members should be excluded from the inspection.

6. Loose debris and components from the floorboard areas on the driver and passenger front seat areas of the vehicle will be separately removed and placed into two separate, labeled plastic bags. Small amounts of debris will be lifted out of the vehicle at a time so that the parties can observe material in place as it is revealed by the removal of the material above. As these debris are being removed, any obvious human remains located by the designated expert will be photographically documented in place, then removed and turned over to the representative of the medical examiner's office or funeral home for handling. All remaining materials will go into the two bags.

7. Immediately thereafter, each bag will then be opened on top of a clean sheet placed on top of a clean tarp. All debris from that bag will be

shifted through by experts. Any loose item or component (including personal items such as clothing, tools, or other objects which likely belonged to the vehicle occupants but which are not human remains) shall be separately bagged and tagged with a specific number, description, and original location as either "driver's side floorboard area -front" or "passenger's side floorboard area-front." Any additional human remains identified by the designated expert will be photographically documented in place, then removed and turned over to the representative of the medical examiner's office or funeral home for handling

8. The same procedure will be used for any debris from the rear seat, to be labeled "driver's side floorboard area -rear" or "passenger's side floorboard area-rear." Any other area of debris which any party's representative wishes to have sorted, bagged and tagged will also be collected with the same procedure and a similar appropriate label.

9. Any cleaning of items or parts will be external to remove dirt and dust only. Clean clothes will be used for removal or dirt or dust.

10. After removal of all loose debris, the designated expert will conduct a thorough examination of the vehicle for any previously overlooked human remains. Any additional human remains identified by the designated expert will be photographically documented in place, then removed and turned over to the representative of the medical examiner's office or funeral home for handling

11. All debris remaining after sifting and sorting/bagging of objects has occurred will be returned to the original bag, which will be fastened and labeled "driver's side floorboard area debris" or "passenger side floorboard area debris." All bags will be sealed with appropriate seals to reflect chain of custody.

12. All bags except that containing human remains will be kept with the vehicle in the storage unit absent agreement of the parties to move them elsewhere.

13. The bag containing human remains will be kept in a secure location protected from the environment for at least ten (10) days after the inspection, in the event any party disputes that the contents of that bag are ready for final disposition. After the expiration of ten (10) days, unless some Motion to prohibit final disposition has been filed, Plaintiffs' counsel will refer the contents of the bag containing human remains to an appropriate facility for final disposition as per Plaintiffs' wishes.

14. If any party needs to non-destructively examine any component or item from any of the bags, the component or item will be shipped to the appropriate expert's offices via tracked method of shipment (i.e., FedEx, UPS, etc.). The party examining the item will then return the item to counsel for Plaintiffs via a similar method. Defendant's experts may return

the item to Defendant's counsel in Brownsville, who will then hand-deliver the component to counsel for Plaintiffs.

15. If at any time further procedures cannot be agreed upon by the experts present, no further activities will take place and all parts or items will be bagged and tagged in their current condition.

### 4.

If any party desires to perform any destructive testing or destructive inspection on any part of the vehicle, or to remove any parts from the vehicle, such inspection or removal of parts will take place upon a reasonable date and time at which all parties have indicated that they can produce a representative to attend and after sufficient time to allow motions to postpone such activities for cause to be filed and heard. At least seven (7) days prior to the activity, the party performing same will produce in writing a description of the destructive activities or removal to be performed, and the equipment to be used. The destructive testing or inspection or removal of parts will take place at a place and time that will permit documentation by video recording. No party shall use audio recording devices, separately or as a part of video recording, absent written notice to all parties that audio recording will take place.

### 5.

The vehicle will remain at its listed location absent written notice to all parties of a proposed change in the vehicle's location as described below. All parties will be informed of the location of removed parts, and parts will remain at that location absent written notice to all parties.

**6.**

If expert witnesses are retained by any party in the litigation, they shall be allowed reasonable access to any parts removed from the vehicle upon reasonable notice, terms to be agreed upon by the parties.

**7.**

No testing of removed parts shall take place absent notice to all parties and a reasonable opportunity for any party to be present and to file and have heard any necessary motions regarding such testing. Each party's representatives shall be permitted to observe any testing of removed parts conducted by any other party, and if laboratory facilities are to be used, all parties will receive adequate notice of the name and location of the lab so that any objections to same can be filed and heard before such testing occurs.

**8.**

If the parties cannot agree upon circumstances under which the vehicle should be destructively tested or parts from the vehicle removed, the parties must seek a clarifying Order before any unilateral attempt test or remove parts from the vehicle.

SIGNED FOR ENTRY at ~~McAllen~~ Brownsville this the 2d day of June, 2004.

_____
UNITED STATES DISTRICT COURT JUDGE