**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

1201 EAST VAN BUREN
P O BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A COLVIN, JR
MITCHELL C. CHANEY
MARJORY C BATSELL
JAIME A SAENZ*
JOSEPH A (TONY) RODRIGUEZ
ALISON D KENNAMER
LECIA L CHANEY

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

LAURA J. URBIS
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L DANISH
SARAH A NICOLAS
SHAWN MATHIS ISBELL
CHRISTOPHER E MOORE
LINDA L MALONEY

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

August 19, 2004

The Honorable United States Magistrate Judge
Felix Recio
United States Courthouse
600 East Harrison Street
Brownsville, Texas 78520

*Via Hand Delivery*

United States District Court
Southern District of Texas
FILED

AUG 1 9 2004

Michael N. Milby
Clerk of Court

Re:   Civil Action No. B-04-003
      Juan Zamorano, et al. v. Ford Motor Company and Guillermo Zamorano Telles

Dear Judge Recio:

This letter is being submitted at your request, to memorialize the events of August 18, 2004, with respect to the telephonic hearing/conference held with the Court in the above matter.

The Court had previously entered its Order on Unopposed Motion for Protection and Preservation of Evidence and as to Inspections of Same Subject to its Motion to Transfer Venue on June 8, 2004 (item 16 on the Court's docket). That Order adopted a protocol submitted jointly by the parties as an Order governing the procedure for an inspection of the contents of the floorboard of the vehicle at issue. The inspection was arranged for August 18, 2004, by counsel for both parties. On the morning of August 18, 2004, counsel for Ford and two of its potential experts, Mr. Orrin West of Ford Motor Company of Dearborn, Michigan and Dr. Gary S. Deegear of Biodyamics Research Corporation in San Antonio, Texas, arrived at the scene of the inspection. However, although the protocol embodied in the Court's Order specified the presence of counsel and experts for both parties, neither counsel for Plaintiffs nor any expert for Plaintiffs appeared. An employee of counsel for Plaintiffs' office stated that counsel for Plaintiffs had instructed him to tell counsel for Ford to "do what you want" during the inspection.

Counsel for Ford felt that any modification of the protocol incorporated into the Court's Order needed to be approved by the Court, and therefore contacted counsel for Plaintiff's office and the Court's secretary, who arranged for the telephonic hearing/conference, which took place shortly before noon on August 18, 2004.

August 19, 2004
Page 2

     David Sanchez, an attorney with the law offices of Cowen & Bodden (one of two law firms who both represent Plaintiffs) appeared for Plaintiffs; Alison D. Kennamer, an attorney with counsel of record for Ford, appeared for Ford. The only other named party in the case, Guillermo Zamorano Telles, has never been served or answered, so all parties were before the Court by and through their counsel of record.

     Counsel for Ford explained to the Court that while the protocol embodied into the Court's order called for counsel, experts, and a funeral home representative (or other agreed-upon individual with forensic, medical or similar experience) to be present, Plaintiffs' counsel had not appeared and had not arranged for an expert to appear. In addition, although the parties had agreed upon and arranged for the appearance of funeral home personnel, the offices of Plaintiffs' counsel had cancelled those arrangements. Counsel for Plaintiffs indicated that the above actions were the result of miscommunication between the law firms representing Plaintiffs and stated that counsel for Plaintiffs did not object to Ford's proceeding with the inspection outside the protocol without the attendance of the specified personnel. Counsel for Ford stated that this is what Ford was requesting permission to do, and stated that Ford would attempt to follow the protocol as much as it could be without the presence of these persons. Counsel for Ford and counsel for Plaintiffs both indicated to the Court that they were in the process of attempting to make arrangements to reschedule the appearance of funeral home personnel in order to return to compliance with that portion of the Court's order.

     The Court agreed that in light of the above, Ford could proceed as necessary outside the protocol in order to accomplish the inspection. As a matter of further information for the Court, the parties were in fact able to reach the Hernandez Funeral Home from Rio Grande City, Texas and have the funeral home personnel present at the inspection as provided for in the protocol. Also, the methodology provided for in the protocol for the inspection and preservation of evidence and the handling of the human remains (bone pieces) discovered in the vehicle was followed as closely as possible without having experts from both parties available.

     By copy hereof, I am serving all counsel of record with a copy of this letter. If there is anything else the Court requires, please let me know.

                                                       Respectfully,

                                                       RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

                                                       Alison D. Kennamer

ADK/ecl

cc:  Mr. Michael R. Cowen          **CMRRR:   7003-2260-0003-0889-5872**
     Michael R. Cowen, P.C.
     Attorneys at Law
     520 East Levee Street
     Brownsville, Texas 78520

     Mr. Calixtro Villarreal, Jr.      **CMRRR:  7003-2260-0003-0889-5889**
     Law Office of Calixtro Villarreal, Jr.
     Attorneys at Law
     205 West Main Street
     Rio Grande City, Texas 78582