THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 3 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN ZAMORANO and MARIA ZAMORANO TELLES, Individually and As Representative of the Estate of HORACIO ZAMORANO TELLES, Deceased § § § § § § VS. § § FORD MOTOR COMPANY and § GUILLERMO ZAMORANO TELLES § | CIVIL ACTION NO. B-04-003 |

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO COMPEL TIMELY DEPOSITIONS OF PLAINTIFFS' EXPERTS AND/OR TO STRIKE PLANTIFFS ' EXPERTS AND/OR FOR EXTENSION OF DEADLINES

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Ford Motor Company ("Ford") files this Motion to Compel Timely Depositions of Plaintiffs' Experts and/or to Strike Plaintiffs' Experts and/or for Extension of Deadlines, and would show the Court as follows:

### I.

In this products liability case against Ford Motor Company, Plaintiffs Juan Zamorano and Maria Zamorano Telles sue for the alleged wrongful death of their son, Horacio Zamorano Telles and allege a defect in a Ford-manufactured Mercury Grand Marquis which allegedly caused a fire in the vehicle. Plaintiffs claim that Telles was killed in the vehicle when he somehow allegedly slept through an alleged ignition of the engine compartment while the vehicle was parked on the side of the road in rural Mexico.

## II.

Both parties know that expert testimony will be required in the case. Both parties have had fire cause and origin experts inspect the vehicle: the two experts met together for an agreed-upon "tank drop" inspection where the fuel tank was removed and liquid from same sampled for each expert's choice of analysis. Because that analysis would take some time after the inspection, which was scheduled for mid-January based on an available date on both experts' schedules, counsel for Ford agreed to let Plaintiffs' counsel provide his expert designations and disclosures material on March 1, 2005, rather than at the beginning of February. Even so, counsel for Ford has repeatedly pointed out that in order to stay on the current schedule, the parties would need to go ahead and reserve dates on their experts' calendars for depositions. Counsel for Ford has written counsel for Plaintiffs on both January 31, 2005 and February 9, 2005, to ask Plaintiffs to reserve such dates. See, letters from counsel for Ford to counsel for Plaintiffs dated January 31, 2005 and February 9, 2005 regarding expert deposition dates, attached hereto as Exhibit "A."

## III.

As counsel for Ford has pointed out to counsel for Plaintiffs, in light of the April 22, 2005 discovery cutoff in this case, the only way that the parties can stay on schedule is for Plaintiffs to produce their experts for deposition in March. Counsel for Ford has been telling counsel for Plaintiffs since the end of January that she has obtained reserved dates beginning April 5, 2005, for her experts' depositions. These dates – the only dates that will be available at this point on the experts' schedules and

thus the only dates that will permit the parties to conclude discovery by the end of April as required under the current scheduling order, will only work if Plaintiffs provide dates for their experts a reasonable amount of time before April 5, 2005 – in March. Ford's experts have to have time to review the opinions of Plaintiffs' experts as stated in deposition in order to be fully prepared for their depositions. If Plaintiffs provide dates later – in April – Ford will not be able to obtain reciprocal dates from its experts before the end of April, as needed to comply with this Court's need for a final pre-trial order under the current scheduling order. In fact, Ford knows that its experts have very busy schedules and are likely to have to go 2 – 3 months in advance in order to reschedule their depositions. This is in fact the reason Ford reserved dates consonant with the current scheduling order in January and has been urging Plaintiffs' counsel to do the same ever since. Thus, counsel for Ford has repeatedly asked for the depositions of Plaintiffs' experts in March.

### IV.

Counsel for Ford has most recently written counsel for Plaintiffs on February 28, 2005, indicating that if dates for the experts' depositions in March are not forthcoming with the experts' designations and disclosures on March 1, 2005, Ford will have no choice but to file a Motion to Compel and/to to Strike and/or to Extend Deadlines. As of the time of the filing of this Motion, Plaintiffs have not provided such dates in March.

## V.

Ford thus asks the Court to Order that Plaintiffs either provide dates immediately for depositions of their experts to take place before March 31, 2005, or to Order that if not so provided, the experts shall be stricken. Otherwise, Ford respectfully submits that the only alternative which will avoid prejudice to Ford will be to extend the deadlines by a number of months, such that Plaintiffs will provide dates for their experts' depositions, and Ford will then be able to determine what other dates, not already reserved, will be available from its experts for their depositions a reasonable amount of time after the Plaintiffs' experts' depositions.

WHEREFORE, PREMISES CONSIDERED, Defendant Ford Motor Company prays that the Court grant its Motion to Compel Timely Depositions of Plaintiffs' Experts and/or to Strike Plaintiffs' Experts and/or for Extension of Deadlines and grant to it such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____Alison Kennamer_____
     Alison D. Kennamer w/ permission
     Attorney-in-Charge    McFontaus
     State Bar No. 11280400    SBOT 04631400
     Federal Admissions No. 12023
        Jaime A. Saenz
     State Bar No. 17514859
     Federal Admissions No. 7630
     1201 East Van Buren
     Post Office Box 2155
     Brownsville, Texas 78522
     (956) 542-7441
     Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she has attempted to confer with counsel for Plaintiffs regarding this Motion, has contacted counsel for Plaintiffs, but has been unable to reach an agreement on the substance of this Motion. Therefore, it is submitted to the Court for consideration.

*[Signature: Alison Kennamer w/ permission McFarland SBOT 04631400]*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

>Michael R. Cowen
>Cowen & Bodden, P.C.
>520 East Levee Street
>Brownsville, Texas 78520
>Attorneys for Plaintiffs

>Calixtro Villarreal, Jr.
>Law Office of Calixtro Villarreal, Jr.
>205 West Main Street
>Rio Grande City, Texas 78582
>Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the ___ day of **March**, 2005.

*[Signature]*
Alison D. Kennamer